UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHERRY NATHANIEL WILLIAMS, JR.,

    Petitioner,

v.                                                         Case No. 5:04-cv-502-Oc-10GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

## **ORDER DENYING PETITION**

Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner is in the custody of the Florida Department of Corrections serving a 99-year sentence for a second-degree murder conviction.[1] Petitioner challenges the Florida Department of Corrections' computation of his gain time. Respondents assert the Petitioner has received all the gain time to which he is entitled to earn. (Doc. 6).

The Petition, the Response to the Petition and the record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

---

[1] See Doc. 6, Ex. A, B.

**Factual and Procedural History**

On February 6, 2003, Petitioner filed a petition for writ of habeas corpus in the state court claiming entitlement to additional gain time.[2] In an order dated January 6, 2004, the state court denied the petition. The facts underlying Petitioner's claim are not in dispute, and are summarized in the state trial court's order denying Petitioner relief:

> Williams committed a homicide on March 29, 1978. He was sentenced on October 13, 1978 to a 99 year term for murder in the second degree. Pursuant to Florida Statute 944.276(1)(1977), Williams received a basic gain time award of 17,460 days off his 99 year sentence under the 5-10-15 basic gain time provisions extant at the time he committed the crime. Over the next six years, the Florida Legislature promulgated, amended, clarified, repealed, re-promulgated, and re-amended a spate of gain time laws affecting Williams and thousands of other, Florida inmates.[3]
>
> Petitioner Williams primary claim is that Respondent DOC pursuant to F.S. §944.271(1977) should have awarded him additional gain time of "1 day off the sentence of each day of productive . . . work. . . " while incarcerated. However, the provision due to its ambiguity was never implemented for any inmate; and was repealed and supplanted during the 1978 Legislative Session.

The state trial court denied Petitioner's Motion for Rehearing.[4] Petitioner

---

[2]See Doc. 6-5, Ex. C.

[3]Doc. 6-11, Ex. H. The state court noted the Department of Corrections reduced Petitioner's 17,460 days of gain time based upon a 1978 amendment only to later reinstate the award pursuant to Weaver v. Graham, 450 U.S. 24 (1981).

[4]Doc. 6-13, Ex. J.

appealed and in an order dated July 8, 2004, the District Court of Appeal affirmed.[5]

Thereafter, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises one claim for relief, that "Florida law which retroactively reduced the amount and calculation of gain-time constitutes a violation of the ex post facto clause of the United States Constitution."[6] (Doc. 1).

## Timeliness and Exhaustion

Respondents filed a Response conceding that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1) and Petitioner has exhausted his administrative and state remedies. (Doc. 6, pg. 2).

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[7] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[8] Moreover, each

---

[5] See Williams v. Florida Dept. of Corrections, 881 So. 2d 1119 (Fla. 1st DCA 2004). Doc.6-18, Ex. O.

[6] Article I, section 10, clause 1 provides:
No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, *ex post facto* Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

[7] Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

[8] See 28 U.S.C. § 2254(d)(1).

3

clause, "contrary to" and "unreasonable application," provides a separate basis for review.[9]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[10] The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[11] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[12]

**Merits of Claim**

Petitioner raises one claim for relief, that Florida law retroactively reduced the amount and calculation of his gain-time in violation of the *ex post facto* clause. Petitioner contends that when he committed his crime, FLA STAT. ANN. §944.271(1977)[13] provided a basis for the Department of Corrections to grant additional gain-time up to one day off his sentence for each productive "day of" labor performed.

---

[9] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[10] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[11] See § 2254(e)(1).

[12] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[13] This "work gain time" statute was never implemented for any inmate due to its ambiguity. See Response, Doc. 6, pgs. 9-10.

4

Article I, § 10, of the Federal Constitution provides that "[n]o States shall ... pass any ... ex post facto law." The central concerns of this provision are "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated."[14] "To fall within the ex post facto prohibition, a law must be retrospective - - that is, it must apply to events occurring before its enactment - - and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime."[15] In evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable.[16]

The state court concluded that Petitioner was not entitled to relief as a matter of law. In this case, the state court applied these governing constitutional principles in rejecting Petitioner's claim. The state trial court concluded:

> Moreover, a plain reading of this statute discerns no mandatory language or requirement that DOC award "day for day" work gain time. That is, while the Legislature "authorized" Respondent to "grant additional gain time allowances," it did not mandate such awards. Due to the ambiguity and uncertainty of how and when to make such awards, the DOC exercised its discretion not to award this gain time to any inmate, including Petitioner Williams. Despite the copious amount of litigation these statutory changes

---

[14]Weaver v. Graham, 450 U.S. 24, 30 (1981).

[15]Lynce v. Mathis, 519 U.S. 433, 441 (1997)(internal quotations and citations omitted).

[16]California Dep't of Corrections v. Morales, 514 U.S. 499 (1995).

5

engendered, this Court has been unable to find any precedent to support Petitioner's claim that the DOC should be ordered to award "day for day" gain time to him. . . .

Finally, [Petitioner's] contention that he is being disadvantaged by application of an ex post facto law must also fail. The retrospective application of F.S. §944.275(4)(b)(1983), allowing the possibility of 20 days of incentive (work) gain time per month is more advantageous that the 6 days per month available under the statute in effect when he committed his crime. The procedures for and the calculation of incentive gain time awards by Respondent DOC to inmates similarly situated to Petitioner Williams have been previously acknowledged and affirmed by the Florida Supreme Court in Waldrup v. Dugger, 562 So. 2d 687, 694 (Fla. 1990).[17]

Petitioner's claim was rejected on the merits by the state court. Therefore, the state court's determination is entitled to deference as required pursuant to AEDPA. This Court cannot say that the state courts' rejection of Petitioner's ex post facto clause claim was either contrary to, or involved an unreasonable application of, clearly established Federal law. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

## Conclusion

For the reasons set forth in this Order and for the reasons stated in Respondents' response, the Petition for Writ of Habeas Corpus pursuant to § 2254 is **DENIED with prejudice**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

---

[17] See Doc. 6-11, Ex. H.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of March 2009.

_____
UNITED STATES DISTRICT JUDGE

c:
 Sherry Nathaniel Williams
 Counsel of Record